**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3095
_____

MARIO DE JESUS LEMUS,
                                                    Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A089-243-024)
Immigration Judge: Forrest W. Hoover, III
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 8, 2025

Before: RESTREPO, BIBAS, and CHUNG, *Circuit Judges*

(Filed: July 9, 2025)
_____

OPINION*
_____

BIBAS, *Circuit Judge*.

Mario Lemus was born in and is a citizen of El Salvador. He entered the United States illegally in 2003. In 2010, he was arrested and put into removal proceedings. He conceded inadmissibility but sought cancellation of removal, claiming that deporting him would

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

cause exceptional and extremely unusual hardship to his U.S.-citizen wife and children because he is the breadwinner and is close to his daughter.

The immigration judge denied relief, finding that any hardship would not be exceptional or extremely unusual. Even if it would be, the judge said he would not exercise his discretion to grant relief because Lemus had given the police, immigration officials, and an employer fake ID and falsely told immigration officers that he was a U.S. citizen. The Board of Immigration Appeals affirmed without opinion. Lemus petitions for review, raising three arguments.

*First*, Lemus claims that the immigration judge overlooked the danger of gang violence in El Salvador when considering the hardship to his family. But that danger is irrelevant: The immigration judge found that Lemus's wife and children would remain in the United States. And we lack jurisdiction to review this factual finding. §1252(a)(2)(B)(i), (D). Lemus tries to repackage the argument as a legal error to give us jurisdiction. He says, as a matter of law, we should look at the hardship his family would face if *hypothetically* they went to El Salvador. But nothing in the statute requires that.

*Second*, Lemus says the immigration judge erred on the matter of discretion. He suggests that the judge did not properly alert him that discretion was an issue, got the relevant facts wrong when considering how to use his discretion, and flouted the law by looking at facts from an impermissible time period in making his finding. Not so. The judge did alert Lemus, saying "discretion is still an issue that the [judge] has to decide if all four [statutory] elements are finally established." AR 368. As for the factual challenge, we have no jurisdiction to review it. §1252(a)(2)(B)(i), (D). And when the immigration judge is exercising

2

discretion to cancel removal, he is not statutorily limited to considering facts only from the last 10 years. §1229b(b)(1). In any event, the immigration judge may exercise discretion to cancel removal only when the exceptional and extremely unusual hardship factors are met. And they were not met here.

*Finally*, Lemus claims that the immigration judge should have (1) administratively closed or dismissed his proceedings to let him pursue Deferred Action for Childhood Arrivals and (2) considered that Lemus arrived in the United States as an unaccompanied minor. But as he concedes, he failed to exhaust either claim before the Board. And though exhaustion is not jurisdictional, it is still mandatory and properly raised here. §1252(d)(1); *Santos-Zacaria v. Garland*, 598 U.S. 411, 423 (2023). So we will not consider either claim.

We will thus dismiss in part and deny in part the petition for review.